COURT OF COMMON PLEAS
MONTGOMERY COUNTY, OHIO

2007 AUG -3  P: 2: 21

**SAMUEL BARROW,**
712 Ethel Avenue
Dayton, OH 45408

CASE NO.

Judge

Plaintiff,

**WH-6578**

vs.

**TERMINIX ,**
8613 N. Dixie Drive
Dayton, OH 45414

and

**COMPLAINT
AND JURY DEMAND**

**GEORGE VENTURELLA,**
8613 N. Dixie Drive
Dayton, OH  45414

Defendants.

1.    This is an action for race discrimination in violation of O.R.C. §4112.02(A)

and §4112.99 and 42 U.S.C §1981. Plaintiff also asserts retaliation in violation of

O.R.C.  §4112.02 (I) and the public policy of the state of Ohio.

2.    Plaintiff is an African-American male.

3.    In June of 2005, Plaintiff was placed at Terminix's office in Dayton, Ohio

through a temporary agency.  Plaintiff worked as a receptionist.  Plaintiff was supervised

by Sharon Caulfield, the office manager and George Venturella, the general manager.

4.    After Plaintiff was placed at the office, Venturella commented that he

expected a "pretty white girl" from the agency instead of Plaintiff serve as the

receptionist.

5.    Plaintiff observed other discriminatory treatment. African Americans who came to the office seeking employment were denied applications.  Conversely, Caucasians were not only provided applications, but were also given answers to test questions by Venturella.

6.    While employed, Plaintiff also formed a good faith belief that Terminix was engaging in fraudulent consumer practices.  Plaintiff took calls from customers with complaints. He learned that Technicians employed by Terminix would sell customers services that were not needed. He also heard Technicians say they billed customers for services that were never performed.

7.    Beginning in July of 2005, Plaintiff wrote letters to Katrina Helmkamp, the president of Terminix and Jonathon Ward, the president of Service Master, Terminix's parent company. Plaintiff asked for an investigation into race discrimination and made Helmkamp and Ward aware of the fraudulent practices described above.

8.    Venturella was aware of Plaintiff's letters to Helmkamp and Ward and commented to Plaintiff and others about them.

9.    In an effort to appease Plaintiff, Venturella stated that he would hire Plaintiff as a Technician.

10.    Plaintiff did not receive a response to his letters to Helmkamp and Ward.

11.    On or about August 5, Plaintiff was removed from the office and replaced by a Caucasian female.  Further, Venturella later refused to hire Plaintiff as a Technician as previously discussed.

## COUNT I
### (Race Discrimination)

12.     Defendant discriminated against Plaintiff and refused to hire him as a direct full-time employee because of his race in violation of O.R.C. §4112.02(A) as enforced through O.R.C. §4112.99 and 42 U.S.C. § 1981.

## COUNT II
### [Retaliation in violation of O.R.C. §4112.02 (I)]

13.     Plaintiff engaged in protected conduct by complaining about race discrimination. Defendant was aware of Plaintiff's conduct and thereafter refused to hire him as a Technician.

## COUNT III
### (Public Policy)

14.     Defendant retaliated against Plaintiff for his good faith complaints regarding fraud against consumers. The aforesaid conduct violates the public policy that underlies state and federal consumer protection laws.

15.     As a result of Defendant's conduct, Plaintiff has suffered a loss of income and fringe benefits and has suffered emotional distress and mental anxiety.

16.     Wherefore, Plaintiff demands compensation for all lost income and benefits, compensatory damages, punitive damages, prejudgment interest, and all other legal and equitable relief to which he is entitled.

Respectfully submitted,

David Torchia - 0015962
Tobias, Kraus & Torchia
911 Mercantile Library Building
414 Walnut Street
Cincinnati, Ohio 45202
(513) 241-8137
Attorney for Plaintiff

4